Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
Acklin Law Office, LLC
Westfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana
Indianapolis, Indiana

**ROBERT J. HENKE**
Deputy Attorney General
Indianapolis, Indiana

**CHRISTINE REDELMAN**
Deputy Attorney General
Indianapolis, Indiana

FILED
Apr 29 2014, 9:45 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

IN THE MATTER OF THE TERMINATION
OF PARENT-CHILD RELATIONSHIP OF
Mi.S. & M.W. (Minor Children),

and

M.S. (Mother)

    Appellant,

      vs.

THE INDIANA DEPARTMENT OF
CHILD SERVICES,

    Appellee.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 49A05-1306-JT-282

APPEAL FROM THE SUPERIOR COURT OF MARION COUNTY
The Honorable Marilyn Moores, Judge
The Honorable Larry J. Bradley, Magistrate

**April 29, 2014**

**MEMORANDUM DECISION ON REHEARING – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Appellant Mother petitions for rehearing following this court's January 31, 2014, memorandum decision, in which we affirmed the trial court's judgment terminating Mother's parental rights to Mi.S. and M.W. Mother does not challenge our court's decision, but notes that our court failed to rule on her "Motion to Strike the State's Citation to the Indiana Department of Child Services Child Welfare Manual." Mother's motion was filed on December 2, 2013, but held in abeyance for the writing panel.

Mother specifically objects to the Appellee DCS's citation in footnote 4 on page 3 of its brief to its "Child Welfare Manual's" standard for removing a child from a temporary trial home visit ("TTV"). In this case, before Mother's parental rights were terminated, two of Mother's older children were returned to her on a TTV. But four months later, DCS requested that the TTV be terminated and the trial court granted the request.

The Child Welfare Manual is available on the DCS's website, but the manual was not admitted into evidence at the termination hearing. We therefore agree with Mother

2

that the citation to the manual should be stricken from the DCS's brief pursuant to Indiana Appellate Rule 42.[1]

We grant Mother's petition for rehearing for the sole purpose of granting Mother's Motion to Strike footnote 4 on page 3 of the DCS's Appellee's Brief.  And importantly, the DCS's citation to the "Child Welfare Manual" was not considered in our resolution of Mother's appeal; therefore, we affirm our January 31, 2014 memorandum decision in all respects.

FRIEDLANDER, J., and PYLE, J., concur.

---

[1] Appellate Rule 42 provides in pertinent part: "Upon motion made by a party . . . or at any time upon the court's own motion, the court may order stricken from any document any redundant, immaterial, impertinent, scandalous or other inappropriate matter."